**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Apache Oxy-Med, Inc., and Creative Health Care Services, Inc., <br><br> Plaintiffs, <br><br> vs. <br><br> Humana Health Plan, Inc., <br><br> Defendant. | No. CV 06-0428-PHX-MHM <br><br> **ORDER** |

Currently before the Court is Defendant Humana Health Plan, Inc.'s ("Defendant" or "Humana") Rule 12(b)(6) Motion to Dismiss. (Dkt.#7). After reviewing the pleadings and finding oral argument to be unnecessary the Court issues the following Order.

**I.      Procedural History**

On December 19, 2005, Plaintiffs Apache Oxy-Med, Inc. ("Apache"), and Creative Health Services, Inc. ("Creative"), (collectively "Plaintiffs") filed their Complaint in Maricopa County Superior Court asserting claims of: (1) breach of contract; (2) fraud; and (3) tortious breach of contract. On February 9, 2006, Defendant removed this case to the District of Arizona based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Dkt.#1). On February 15, 2006, Defendant filed its Answer to Plaintiffs' Complaint. (Dkt.#6). On March 3, 2006, Defendant filed the instant Motion to dismiss pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure. (Dkt.#7). On March 29, 2006, the case was reassigned to this Court. (Dkt.#5).

**II.        Allegations of Plaintiffs' Complaint**

Plaintiffs allege that on or about December 22, 2000, Apache and Humana entered into a three year "Ancillary Provider Agreement" whereby Apache provided certain "Durable Medical Equipment" benefits to "Members" serviced by Humana under both fee for service and a capitated rate depending on the coverage by the Member. (Complaint ¶ 5). Plaintiffs also allege that Creative and Humana on or about November 3, 2000, entered into a three year "Home Health Provider" whereby Creative provided certain services to "Members" serviced by Humana under both fee for service and capitated rate. (Id. ¶6). Plaintiffs state that these agreements continued until they were terminated until June 1, 2004. (Id. ¶¶5,6). Plaintiffs state that Defendant withheld sums due to Plaintiffs and delayed payment beyond the provisions as stated in the contracts and used the delays in payment to force concessions. (Id. ¶10). In addition, Plaintiffs allege that Defendant used its position to force Plaintiffs to accept less than the contracted amounts. (Id. ¶11). Plaintiffs also allege that on many occasions the representations of Defendant were "knowingly false" regarding the number of "Members" covered under the capitated rates and which "Members" were subject to coverage under fee for service. (Id. ¶22).   Plaintiffs seek monetary and punitive damages.

**III.       Motion to Dismiss under Rule 12(b)(6) Converted to Rule 12(c) Motion**

Although not addressed by the Parties, it is apparent to the Court that Defendant's Rule 12(b)(6) motion should be converted into a Rule 12(c) Motion. A motion to dismiss for failure to state a claim may be denied as untimely or may be treated as a motion for judgment on the pleadings if the motion is filed after the filing of an answer. Beery v. Hitachi Home Electronics, Inc., 157 F.R.D. 477, 479 (C.D. Cal. 1993) (citing Aetna Life Ins. Co. v. Alla Medical Services, Inc., 855 F.2d 1470, 1474(9th Cir. 1988); Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980). Here, Defendant filed its Answer to Plaintiffs' Complaint on February 15, 2006 (Dkt.#6) and subsequently filed its instant Motion to dismiss on March

1  3, 2006. (Dkt.#7). As such, the Court will convert Defendant's Motion to dismiss into a
2  motion for judgment on the pleadings pursuant to Rule 12(c) Fed.R.Civ.P.

3  Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are
4  closed but within such time as not to delay the trial, any party may move for judgment on the
5  pleadings. "Judgment on the pleadings is proper, when, taking all of the allegations in the
6  pleadings as true, the moving party is entitled to judgment as a matter of law." Honey v.
7  Distelrath, 195 F.3d 531, 532-33 (9th Cir. 1999).

8  **IV.        Analysis**
9  **A.        Breach of Contract Claim**

10 Humana argues that Plaintiffs' breach of contract and other claims should be dismissed
11 because they are precluded by certain settlement agreements entered into between the Parties.
12 Specifically, Defendant relies upon and offers as extrinsic evidence the affidavit of Anita
13 Thompson and several purported agreements between Plaintiffs and Defendant; *i.e.*, the 2003
14 Agreement; the 2004 Agreement; and the 2005 Agreement. To consider such documents
15 outside the pleadings, the Court would be obligated to convert the Rule 12(c) motion into a
16 motion for summary judgment. See Rule 12(c) Fed.R.Civ.P. (stating that "[i]f, on a motion
17 for judgment on the pleadings, matters outside the pleadings are presented to and not
18 excluded by the court, the motion shall be treated as one for summary judgment and disposed
19 of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all
20 material pertinent to such a motion by Rule 56."). As contemplated in Rule 12(c), the fact
21 that matters outside the pleadings are presented does not require conversion. Advanced
22 Cardiovascular Systems, Inc., v. SciMed Life Systems, Inc., 989 F. Supp. 1237, 1242 (N.D.
23 Cal. 1997). Rather, the Court must affirmatively rely on such extraneous documents for
24 conversion to be proper.

25 In the instant case, Humana requests that the Court convert the motion with respect to
26 Plaintiffs' breach of contract claim into a motion for summary judgment with notice so that
27 Plaintiffs can submit any additional materials to controvert Defendant's argument regarding
28 that claim. In response, Plaintiffs state that should the Court convert the motion, Plaintiffs

1 request notice so they can submit affidavits and file a motion to conduct discovery on this
2 issue.

3 The Court, in the exercise of its discretion, will not convert the Rule 12(c) motion to a
4 motion for summary judgment and will rely only on the allegations of the Complaint in
5 determining whether to grant Defendant's motion. This case is in the early stages of litigation
6 and no formal discovery has been performed to date. The Court finds that the better and
7 more efficient practice, assuming Plaintiffs' breach of contract claim survives a Rule 12(c)
8 inquiry, is to conduct a Rule 16 hearing and set formal discovery deadlines so that the issues
9 surrounding Plaintiffs' breach of contract claim can be adequately discovered and submitted
10 for consideration upon summary judgment, should Defendant deem such a motion
11 appropriate. Thus, the Court will look only to the allegations in the Complaint and will not
12 consider the extraneous documents. See Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir.
13 1988) (stating that Ninth Circuit disfavors summary judgment where relevant evidence
14 remains to be discovered) (citation omitted).

15 In reviewing Plaintiffs' breach of contract claim under Rule 12(c) analysis, the Court finds
16 that it sufficiently states a claim and survives Rule 12(c) scrutiny. For instance, Plaintiffs
17 allege that "[Defendant] withheld sums due to Apache and/or Creative and otherwise delayed
18 payment beyond the payment provisions as stated in the contracts and used the delays in
19 payment to force concessions that were contrary to the agreement." (Compl. ¶10). Moreover,
20 Plaintiffs allege that "...[Defendant] intentionally or erroneously reported certain members
21 as covered under the capitated rate and failed and refused to pay for them under the fee for
22 services portion of the contract." (Id. ¶17). Such allegations adequately allege a breach of
23 contract claim; thus, Defendant's Rule 12(c) Motion will be denied as to Plaintiffs' breach of
24 contract claim.

25 **B.     Fraud Claim**

26 Humana also challenges the sufficiency of the allegations of Plaintiffs' fraud claim under
27 Rule 9(b) of the Federal Rules of Civil Procedure. As a general matter, a complaint need
28 only contain a "short and plain statement of the claim showing that the pleader is entitled to

- 4 -

1 relief." Rule 8(a)(2) Fed.R.Civ.P.  However, Rule 9(b) provides that "[i]n all averments of
2 fraud or mistake, the circumstances constituting fraud or mistake shall be stated with
3 particularity..."   Thus, a plaintiff alleging fraud must set forth the circumstances indicating
4 the falseness of the statements, including the time, place, and content of the allegedly
5 fraudulent representation or omission, as well as the identity of the person allegedly
6 perpetrating fraud.  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401
7 (9th Cir. 1986); In re GlenFed, Inc. Securities Litigation, 42 F.3d 1541, 1547-48 (9th Cir.
8 1994) "Mere conclusory allegations of fraud are insufficient."  Moore v. Kayport Package
9 Express, 885 F.2d 531, 540 (9th Cir. 1989).

10 In reviewing the Complaint, there are several allegations that implicate a claim of fraud.
11 For instance, Plaintiffs allege that "[u]pon information and belief, the number of Members
12 reported to Apache and/or Creative under the capitated rate was knowingly reported
13 incorrectly to Apache and/or Creative."  (Compl.¶12).  Plaintiffs further allege that "[o]n
14 many occasions the representations of [Defendant] regarding the number of Members
15 covered by the contract under the capitated rate and the coverage classification of fee per
16 service or coverage under the capitated rate were false." (Id.¶19).  Lastly, Plaintiffs allege
17 that "[o]n many occasions the representations of [Defendant] were knowingly false and
18 Plaintiffs were ignorant of the falsity of the representations regarding the number covered
19 under the capitation rates to which Members were covered under fee for service." (Id.¶21).
20 In response to Defendant's reliance on Rule 9(b) Fed.R.Civ.P., Plaintiffs offer several
21 reasons justifying the allegations supporting fraud.  First, Plaintiffs state that Defendant was
22 adequately informed of the claim of fraud by the allegations of the Complaint.  Second,
23 Plaintiffs state that they were prohibited by privacy regulations from disclosing certain
24 relevant information.  Third, Plaintiffs state that although much of the evidence necessary
25 to prove fraud lies with Defendant, they have a representative sample that will not be
26 disclosed until the exchange of disclosure statements because of further privacy concerns.
27 Finally, Plaintiffs state that should the Court direct them to do so, they will submit an
28 amended complaint detailing sufficient allegations supporting the fraud claim

1    In light of the heightened pleading requirement governing Rule 9(b), the Court finds that
2 Plaintiffs' allegations of fraud are insufficient.  Most notably, Plaintiffs fail to provide
3 sufficient information addressing the relevant issues governing a claim for fraud, such as the
4 time, place, and content of the allegedly fraudulent representation or omission, as well as the
5 identity of the person allegedly perpetrating fraud.  <u>In re GlenFed,</u> 42 F.3d at 1547-48.
6 Rather, the  allegations of Plaintiffs' Complaint appear to be wholly conclusory in nature.
7 <u>See</u> <u>Moore</u> 885 F.2d at 540.  First, there is no description of the "time" element governing
8 the alleged fraudulent conduct.  Plaintiffs' allegations of fraud state only that such conduct
9 occurred on "[o]n many occasions." (Compl.¶¶19,21).  Such a broad reference is not
10 sufficient. Second, the "place" element of the alleged fraudulent conduct is overly vague and
11 does not inform Defendant of where such conduct took place.  Third, the description of the
12 fraudulent conduct is deficient.  For instance, in paragraph 21 of the Complaint, Plaintiffs
13 allege that "Plaintiffs were ignorant of the falsity of the representations regarding the number
14 covered under the capitation rates and which Members were covered under fee for service."
15 Plaintiffs refer only generally to the nature of the alleged false representation and do not meet
16 the requisite degree of particularity to assert such a claim.  Lastly, Plaintiffs' Complaint is
17 vague as to who made the alleged fraudulent statement.  As noted by Defendant, Plaintiffs
18 allege only that Defendant Humana made certain representations that were "knowingly
19 false." (Compl.¶21). Such a general reference to the Defendant entity rather than the speaker
20 him or herself is not sufficient pursuant to Rule 9(b).  <u>See</u> <u>Arnold & Associates, Inc., v.</u>
21 <u>Misys Healthcare,</u> 275 F. Supp.2d 1013, 1028-29 (D.Ariz. 2003) (finding that plaintiff's
22 general allegations that the healthcare provider made fraudulent statements was insufficient
23 to adequately plead under Rule (9)(b) where plaintiff failed to identify the individual
24 speakers).
25    In light of the above described deficiencies surrounding Plaintiffs' claim for fraud, the
26 Court will grant Defendant's Rule 12(c) motion as Plaintiffs have failed to plead fraud with
27 particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure.
28

The Court must determine the future handling of Plaintiffs' claim of fraud. See Longberg v. City of Riverside, 300 F. Supp.2d 942, 945 (C.D. Cal. 2004) (stating that although Rule 12(c) does not mention leave to amend, courts have discretion both to grant a Rule 12(c) motion with leave to amend and to simply grant dismissal instead of entry of judgment.). Plaintiffs have requested leave to amend in their Response brief. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure leave to amend shall be granted freely when justice so requires. The Court considers four factors when determining whether a party will be permitted leave to amend: (1) undue delay; (2) bad faith or dilatory motive; (3) futility of amendment and (4) prejudice to the opposing party. In re Circuit Breaker Litigation, 175 F.R.D. 547, 550 (C.D. Cal. 1997) (citing Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227 (1962). Here, the basis cited by Defendant in opposition to leave to amend is futility. Futility of amendment is shown were plaintiff can prove no set of facts which would constitute a valid claim. Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). Defendant argues that futility is evidenced by the fact that Plaintiffs have failed to fill in the particulars of its claim of fraud even with the opportunity to do so with their Response to the Motion to dismiss.

In reviewing the pleadings presented and the original complaint, this Court finds that granting Plaintiffs leave to amend to assert their claim of fraud in compliance with Rule 9(b) is appropriate. For example, Plaintiffs relate that they have withheld relevant information to their claim of fraud because of privacy considerations, but will disclose such relevant information in any amended pleading if directed to do so. See 45 C.F.R. § 164.512(e)(1)(i) (stating that "covered entity may disclose protected health information in the course of any judicial or administrative proceeding in response to an order of the court ..."). Although it is unclear whether any of this withheld information will be sufficient to remedy the defects described above, the Court finds that at this stage of the litigation, leave to amend is appropriate, especially in light of the fact no resulting prejudice has been identified by

1  Defendant.¹  Moreover, the Court cannot say at this time that there are no set of facts that
2  could establish a claim of fraud.  Miller, 845 F.2d at 214.

### C.   Tortious Breach of Contract Claim

Defendant also challenges the validity of Plaintiffs' claim for tortious breach of contract. Specifically, Defendant argues that because the requisite "special relationship" does not exist between Plaintiffs and Defendant, Plaintiffs' claim fails as a matter of law.

In Arizona, every contract contains an implied covenant of good faith and fair dealing. Wagenseller v. Scottsdale Memorial Hospital, 147 Ariz. 370, 383, 710 P.2d 1025 (Ariz. 1985).  The essence of the covenant "is that neither party will act to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship." Rawlings v. Apocada, 151 Ariz. 149, 153-54, 726 P.2d 565 (1986).  "A party may bring an action in tort claiming damages for breach of the implied covenant of good faith, but only where there is a 'special relationship between the parties arising from elements of public interest, adhesion, and fiduciary responsibility.'" Wells Fargo Bank v. Arizona Laborers, Teamsters and Cement Masons Local No. 395 Pension Trust, 201 Ariz. 474, 491, 38 P.2d 12 (Ariz. 2002) (quoting Burkons v. Ticor Title Ins. Co. of California, 168 Ariz. 345, 813 P.2d 710 (Ariz. 1991).  Among the special relationships in which such tort damages may be available "are those undertaken for something more than or other than commercial advantage, such as the procurement of service, professional help, security or other intangibles." Burkons, 168 Ariz. 345, 355 (Ariz. 1991) (citing Rawlings, 151 Ariz. at 159)).

Based upon the allegations of the Complaint, the Court finds that Plaintiffs have sufficiently alleged a claim for tortious breach of contract; most notably the requisite "special relationship" existing between the Plaintiffs and Defendant. At this stage of the proceedings, there are sufficient allegations suggesting the existence of a fiduciary relationship between

---

¹Plaintiffs should take note that should they file any amended pleading, the Court seeks only information that is relevant to Plaintiffs' fraud claim.  Additionally, Plaintiffs should consider means to protect any sensitive information such as filing any amended pleading under seal.

1 Plaintiffs and Defendant. As noted by Plaintiffs, "[a] fiduciary relationship is a confidential
2 relationship whose attributes include 'great intimacy, disclosure of secrets, [or] intrusting of
3 power.'" Standard Chartered PLC v. Price Waterhouse, 190 Ariz. 6, 24, 945 P.2d 317, 335
4 (Ariz.App. 1997) (citing Rhoads v. Harvey Publications, Inc., 145 Ariz. 142, 700 P.2d 840
5 (Ariz.App. 1984). Moreover, in a fiduciary relationship, "the fiduciary holds 'superiority of
6 position' over the beneficiary.'" Id. Finally, this determination of a fiduciary relationship is
7 generally a question of fact. Eagerton v. Fleming, 145 Ariz. 289, 292, 700 P.2d 1389
8 (Ariz.App. 1985). In the instant case, in taking the allegations of Plaintiffs' Complaint as
9 true, it is possible that the requisite fiduciary relationship exists between the Plaintiffs and
10 Defendant based upon the alleged unequal bargaining power in the relationship as well as the
11 Defendant's access and alleged withholding of certain information that was crucial to the
12 agreement between the parties. For instance, Plaintiffs broadly allege that on many occasions
13 Defendant made false representations regarding the number of "Members" covered pursuant
14 to the Parties' agreement to the detriment of Plaintiffs. (Compl. ¶19). More importantly,
15 according to Plaintiffs, Plaintiffs were ignorant of these misrepresentations which damaged
16 Plaintiffs and Defendant expected Plaintiffs to rely on this information. (Compl. ¶¶21-23).
17 Finally, Plaintiffs allege that Defendant was in the superior position to know the accuracy
18 of the information that it was conveying to Plaintiffs and that Defendant possessed "a
19 superior bargaining position" with respect to payments made pursuant to the contracts.
20 (Compl.¶¶30-31). Based upon these allegations, the Court finds that the requisite "special
21 relationship" to support a claim for tortious breach of contract exists. However, this issue
22 may be more fully developed during discovery and if appropriate, Defendant may reurge
23 dismissal of this claim upon summary judgment based upon the discovered facts regarding
24 the relationship between the Parties.

25 **Accordingly,**

26 **IT IS HEREBY ORDERED** converting Defendant's Motion to Dismiss pursuant to Rule
27 12(b)(6) to a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal
28 Rules of Civil Procedure. (Dkt.#7).

**IT IS FURTHER ORDERED** granting in part and denying in part Defendant's Motion for Judgment on the Pleadings. (Dkt.#7).  Defendant's Motion is granted to the extent that Plaintiffs' claim of fraud is dismissed with leave to amend.  Defendant's Motion is denied with respect to Plaintiffs' claims of breach of contract and tortious breach of contract.

**IT IS FURTHER ORDERED** directing Plaintiffs to file any amended pleading addressing the defects of their fraud claim within 20 days of the date this Order is filed.  Should Plaintiffs choose not file any amended pleading, this matter will be set for a Rule 16 Scheduling Conference as Defendant has filed its Answer to Plaintiffs' current Complaint.

DATED this 24th day of November, 2006.

_____
Mary H. Murgula
United States District Judge